PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BUCKEYE POLYMERS, INC., *et al.*, | ) |
| | ) CASE NO. 4:19CV1256 |
| Plaintiffs, | ) |
| | ) JUDGE BENITA Y. PEARSON |
| v. | ) |
| | ) |
| BUNTING MAGNETICS CO., | ) |
| | ) **MEMORANDUM OF OPINION** |
| Defendant. | ) **AND ORDER** |
| | [Resolving ECF No. 8] |

Pending before the Court is Defendant Bunting Magnetics Co.'s Motion to Dismiss Or, In The Alternative, To Transfer Venue. ECF No. 8. Plaintiffs Buckeye Polymers, Inc. and BPI Recycling, LLC have filed their opposition. ECF No. 9. Defendant has replied. ECF No. 11. For the reasons that follow, the Court grants Defendant's motion requesting transfer of venue.[1]

## I. Background

Plaintiffs jointly own and operate a waste recycling business. In 2018, Plaintiffs entered into an agreement with a financing company, Varilease, to purchase specified equipment ("Equipment") from Defendant capable of separating polymers from non-polymer waste materials.[2] ECF No. 1-1 at PageID #: 10. Plaintiffs allege that, subsequent to installation, the Equipment failed to work as intended, instead discharging both polymer and non-polymer

---

[1] Because the Court grants Defendant's motion to transfer, the Court declines to rule on the merits of Defendant's motion to dismiss.

[2] Defendant sold Varilease the recommended Equipment and effectuated a Master Lease between Varilease and Plaintiffs, whereby the Equipment was leased to Plaintiffs.

(4:19CV1256)

materials from its waste feed. *Id.* at PageID #: 9. As a result, Plaintiffs have had to employ pickers to manually separate feed material, at a slower rate, resulting in increased overall costs and decreased productivity. Plaintiffs have also incurred additional costs associated with making the Equipment a complete system. *Id.* at PageID #: 10.

Plaintiffs filed a complaint alleging two causes of action, for negligent misrepresentation and promissory estoppel, in the Mahoning County Court of Common Pleas on April 30, 2019. ECF No. 1 at PageID #: 1. Plaintiffs allege that Defendant, understanding Plaintiffs' specific waste recycling business needs, falsely informed Plaintiffs that the Equipment would separate or remove specific non-polymer waste from polymer waste in Plaintiffs' feed stream.[3] ECF No. 1-1 at PageID #: 10. Plaintiffs allege that, subsequent to installation of the Equipment, and after informing Defendant that the Equipment did not handle Plaintiffs' ascertained needs, Defendant proposed an expensive yet "the only" solution. *Id.* at PageID #: 9-10. To "give Plaintiffs a complete system," Plaintiffs would have to make an "additional purchase" and have installed, an "Eddy Current System" for a price of $76,190.00. *Id.* Plaintiffs allege that they have been injured as a direct and proximate cause of their reliance upon Defendant's alleged negligent misrepresentations relating to the Equipment.[4] Plaintiffs claim entitlement to damages in the form of lease payments to Varilease, consequential and reliance damages, and fees and costs. *Id.*

---

[3] Defendant visited Plaintiffs' facility and viewed Plaintiff's waste feed stream prior to the sale of the Equipment.

[4] Defendant visited Plaintiffs' recycling facility to examine, assess, and recommend the Equipment needed to separate and expel non-polymer waste from Plaintiffs' feed stream. ECF No. 1-1 at PageID #: 8.

2

(4:19CV1256)

Defendant removed the action to the United States District Court for the Northern District of Ohio, Eastern Division on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1441(a). Defendant then moved the Court to either dismiss the action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or, alternatively, to transfer the action to the District of Kansas under 28 U.S.C. § 1404(a).

## II. Legal Standard

Section 1404(a) permits a change of venue for the convenience of parties and witnesses as well as the interest of justice, and provides in pertinent part: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Accordingly, under traditional § 1404(a) analysis, a court may consider the following factors upon a motion for change of venue: "(1) the convenience of the parties; (2) the convenience of the witnesses; (3) the interests of justice; and (4) whether the civil action might have been brought in the district to which the movant requests a transfer." *Roberts Metals, Inc. v. Florida Prop. Mktg., Inc.*, 138 F.R.D. 89, 91-92 (N.D. Ohio 1991), *aff'd* 22 F.3d 1104 (Fed. Cir. Mar. 14, 1994) (Table). A court may also consider the plaintiff's choice of forum and the respective docket loads of the two district courts. *Id.* at 94. ; *Pace Indus. Union-Mgmt. Pension Fund v. King Soopers, Inc.*, 2011 WL 1481306, at *1 (M.D. Tenn. April 18, 2011) (citations omitted).

"The calculus changes, however, when the parties' contract contains a valid forum selection clause, which represents the [parties'] agreement as to the most proper forum." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) (internal

3

(4:19CV1256)

quotations and citations omitted). The enforceability of a forum selection clause in a diversity suit is governed by federal law. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). Federal courts have held that the clause should be upheld "absent a strong showing that it should be set aside." *Id.* (citing *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 595, (1991)). The plaintiff bears the burden of showing that the clause should not be applied. *Id.*; *see also Braman v. Quizno's Franchise Co.,* 2008 WL 611607, at *4-5 (N.D. Ohio, Feb. 20, 2008) (plaintiffs bear a "heavy burden" of showing that the forum selection clause should be invalidated). Specifically, the court should consider: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Id.* (citing *Sec. Watch, Inc. v. Sentinel Sys., Inc.,* 176 F.3d 369, 375 (6th Cir. 1999)).

### III.  Discussion

Plaintiffs do not dispute the enforceability of the forum selection clause, and nothing indicates that the clause was obtained by fraud, that the District of Kansas would be unable to effectively handle the case, or that forcing Plaintiffs to litigate in Kansas would be so seriously inconvenient as to be unjust. Accordingly, the Court finds that the clause is enforceable.

Plaintiffs do, however, challenge the applicability of the forum selection clause to this dispute. Plaintiffs argue that the venue provision refers only "to actions arising out of contract, *i.e*. breach of contract, breach of warranty" and that the provision does not apply to actions

4

(4:19CV1256)

"stem[ming] from the Defendant's alleged negligence in conveying inaccurate information before [Plaintiffs] entered into an Agreement." ECF No. 9 at PageID #: 88-89.

Plaintiffs' proposition that the forum selection clause "does not apply to non-contractual based causes of action" misses the mark. *Id.* A forum selection clause applies to causes of action whether they sound in contract or originate in contract. A contractual claim disguised as a non-contractual cause of action is still subject to the forum selection clause. *See Schmidt v. Lowitz,* 2006 WL 2660637, at *3 (N.D. Ohio Sept. 15, 2006) (plaintiff's tort claims alleging fraudulent representations sound in contract and are thus governed by forum selection clause); *see also Lambert Pv. Kysar,* 983 F.2d 1110, 1121 (1st Cir. 1993) ("[Plaintiff] argues, in effect, that he should be permitted to escape the consequences of the parties' forum selection merely by alleging tortious conduct relating to the *formation* (rather than the performance) of their contract. We cannot accept the invitation to reward attempts to evade enforcement of forum selection agreements through "artful pleading of [tort] claims" in the context of a contract dispute.") (internal quotations and citations omitted) (emphasis in original).

Plaintiffs' claims of negligent misrepresentation and promissory estoppel, though cloaked as non-contractual causes of action, are derived from their contractual agreement with Defendant. In seeking to sidestep the applicability of the forum selection clause, Plaintiffs spend most of their briefing arguing that Defendant's actions in negligent misrepresentation are removed from the contract. This contention is without merit. The parties' relationship regarding the Equipment is governed wholly by the contract that they entered which contains the valid forum selection

(4:19CV1256)

clause.[5] ECF No. 8-2, 8-3, 8-4, 8-5. Furthermore, Plaintiffs ignore a critical passage from the parties' contract a merger clause, which incorporates the entire agreement relating to the Equipment.[6] ECF No. 8-4 at PageID #: 77. The forum selection clause states:

> Any contract arising out of the making and acceptance of a Bunting offer or quote shall be deemed to have been made in the State of Kansas, and shall be construed according to the laws of the State of Kansas. The Buyer stipulates that any resultant agreement is substantially performable by the parties and that jurisdiction exists *solely* within the state of Kansas. *Id.*

The ordinary and plain meaning of the language in the parties' contract presents the existence of a binding, unambiguous forum selection clause indicating the state of Kansas as the forum and a choice of law provision requiring Kansas substantive law to govern the dispute. The language of the clause specifies that Kansas is the exclusive forum in which parties may bring suits relating to the Equipment. Furthermore, both parties' briefing almost entirely cite to Kansas state law, signifying their intent to be bound by the clause.

Plaintiffs have failed to meet their burden to show why the forum selection clause should not be applied. Because the parties' forum selection clause is enforceable and applicable to this lawsuit, Defendant's motion to transfer the case to the United States District Court for the District of Kansas is granted.

---

[5] The parties' contract consists of Defendant Bunting's Pro Forma Invoice; Plaintiffs Purchase Order; the Bunting Terms and Conditions; and the Bunting Plain Talk Warranty.

[6] The merger clause provides: "The Buyer's purchase order, upon acknowledgment by Bunting, Bunting's Terms and Conditions of Sale, and the Bunting Product Warranty represent the entire agreement between Bunting and the Buyer."

6

(4:19CV1256)

## IV.  Conclusion

For the foregoing reasons, the Court grants Defendant's motion to transfer.  ECF No. 8. This action is transferred to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1404(a).

    IT IS SO ORDERED.


 September 16, 2019                    */s/ Benita Y. Pearson*
Date                                Benita Y. Pearson
                                    United States District Judge